**Amy FRIEDMAN, Plaintiff,**

v.

**FIDELITY SERVICE CORPORATION; Fidelity Brokerage Services, Inc., and other Fidelity entities, real names unknown, Defendants.**

No. 8:CV93–616.

United States District Court, D. Nebraska.

Sept. 15, 1994.

Frederick S. Cassman, Omaha, NE, for plaintiff.

Kathleen M. Quinn, Omaha, NE, for defendants.

MEMORANDUM OPINION AND ORDER

CAMBRIDGE, Chief Judge.

THIS MATTER IS before the Court on the defendants' motion for judgment on the pleadings and for joinder of an indispensable party, pursuant to Fed.R.Civ.P. 12(c) and 19, (filing no. 22).

The defendants have submitted additional evidence in the form of numerous affidavits and the parties have stipulated that if the Court treats the motion as one for summary judgment the plaintiff may also submit additional evidence in opposition to the motion for summary judgment. The Court finds that this is unnecessary and will rule on the motion for judgment on the pleadings. The Court finds that the motion for judgment on the pleadings and for joinder of an indispensable party should be granted.

The plaintiff, Amy Friedman, is the assignee of Hershel Krasnow. In 1986, Krasnow opened a Fidelity USA Ultra Service Account and Brokerage Account with the defendants and kept investing substantial sums of money in various Fidelity funds. The New York State Department of Taxation and Finance served Tax Compliance Levies in New York on Fidelity Investments and National Financial Services Corporation, a wholly owned subsidiary of Fidelity Brokerage, against Krasnow's assets. Fidelity liquidated Krasnow's accounts between October 22, 1991, and November 5, 1991, and delivered a total of $300,743.56 in proceeds to the New York State Department of Taxation and Finance, pursuant to the levies. Fidelity also cancelled Krasnow's attempt to purchase additional shares of a Fidelity fund. National Financial serves as the clearing broker for Fidelity brokerage accounts and handles all back office operations for the accounts. Its principal place of business is New York City, New York.

■ In considering a motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c), the court must view the facts presented in the pleadings and the reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party. The well-pleaded factual allegations in the nonmovant's pleadings are assumed to be true, and all contravening assertions in the movant's pleadings are assumed to be false. 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368 (2d ed. 1990).

■ The defendants assert that they are protected from liability by New York's discharge statute, N.Y.Civ.Prac. L. & R. § 5209 (McKinney 1978). Section 5209 discharges a garnishee from any liability to a judgment debtor for honoring a post-judgment levy. Section 5209 provides:

> A person who, pursuant to an execution or order, pays or delivers, to the judgment creditor or a sheriff or receiver, money or other personal property in which a judgment debtor has or will have an interest, or so pays a debt he owes the judgment debtor, is discharged from his obligation to the judgment debtor to the extent of the payment or delivery.

*Id.* The discharge statute provides unconditional protection against double liability for garnishees who honor levies. The purpose of this provision is to protect a garnishee who delivers property pursuant to an execution against a subsequent claim by the judgment debtor for the same property. The validity and effect of the tax compliance levies are governed by the law of the forum in which they are issued. *Oppenheimer v. Dresdner Bank A.G.*, 50 A.D.2d 434, 377 N.Y.S.2d 625, 631 (1975), *aff'd*, 41 N.Y.2d 949, 394 N.Y.S.2d 634, 363 N.E.2d 358 (1977). New York protects a garnishee by section 5209. The defendants honored the levies and they are protected by section 5209 from double liability.

■ The plaintiff argues that the defendants should have filed a declaratory judgment or interpleader action to determine who was entitled to the proceeds. New York law, however, does not require that a garnishee file an action before honoring the levies. It is the judgment debtor's obligation to take action once he or she is notified of the levies. The plaintiff also argues that the situs of the property was not in New York but in Massachusetts. Once the levies were honored the situs of the property was no longer an issue because section 5209 protects the defendants from liability.

The defendants assert that National Financial is an indispensable party which should be joined as a defendant, pursuant to Rule 19. National Financial was served with one of the tax levies at issue and it had custody of the securities in Krasnow's brokerage account. It delivered $198,157.65 in

proceeds to the New York State Department of Taxation and Finance.

National Financial should be joined as a party under Rule 19 so complete relief can be accorded to all of the parties. The Court's ruling on the motion for judgment on the pleadings also applies to National Financial.

IT IS ORDERED:

1. the defendants' motion for judgment on the pleadings and for joinder of an indispensable party, (filing no. 22), is granted;

2. the parties' stipulation regarding extending the discovery deadlines, (filing no. 32), is denied as moot; and

3. this action is dismissed.